IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00596–DME–KMT

JOHN R. MURRAY,

      Plaintiff,

v.

JEWELL COUNTY, KANSAS,
KATHLEEN SEBELIUS,
DARRELL MILLER,
DAVID L. FULLERTON,
CLEVELAND COUNTY, OKLAHOMA,
GREG MASHBURN,
JOE LESTER,
DEMEA GUIDICE,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This case comes before the court on Defendants' "Joint Motion to Dismiss" (Doc. No. 13, filed 4/5/2011) and Memorandum in Support (Doc. No. 14 [Mem.]), Plaintiff's Response (Doc. No. 33 [Resp.], filed 5/5/2011) and Defendants' Reply (Doc. No. 37 [Reply], filed 5/11/2011).  The motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

      Plaintiff filed suit on March 9, 2011.  (Doc. No. 1 [Compl.].)  The following description is taken from Plaintiff's Complaint.

Plaintiff brings this civil rights suit pursuant to 42 U.S.C. § 1983 for wrongful arrest, prosecution and imprisonment.  His Complaint names Jewell County, Kansas, Darrell Miller, and David Fullerton, citizens of Kansas, Kathleen Sebeluius, citizen of Washington, D.C., and Cleveland County, Oklahoma, Greg Mashburn, Demea Guidice and Joe Lester, citizens of Oklahoma, as defendants.

Plaintiff asserts that, on January 2, 2009, the Jewell County, Kansas Sheriff's Department arrested Plaintiff on a failure to appear warrant issued by Cleveland County, Oklahoma.  He alleges that Defendant Miller, the Jewell County District Attorney, petitioned the Jewell County District Court for a "Fugitive from Justice action."  (Compl. at 6.)  Plaintiff states that on February 1, 2009, Defendant Sebelius, then Governor of Kansas, signed a warrant for Plaintiff's extradition to Oklahoma.  Plaintiff claims that he was held in the Jewell County jail for more than sixty days.  He alleges that Defendant Fullerton, the Jewell County Sheriff, refused to provide Plaintiff with medications, injections, medical care and dental care.

Plaintiff further asserts that Cleveland County, Oklahoma obtained the extradition warrant from Defendant Sebelius and that Defendant Mashburn, the Cleveland County District Attorney, brought false charges against him.  Plaintiff also alleges that, while he was held in the Cleveland County jail, which is run by Defendant Lester, he was attacked and Cleveland County, Oklahoma has refused to pay for his medical expenses.  Finally, he claims that Defendant Guidice gave knowingly false sworn statements to Cleveland County Sheriff's Deputies.

Defendants move to dismiss for lack of personal jurisdiction and because venue in Colorado is improper and transfer to another jurisdiction is not appropriate.

## LEGAL STANDARD

### 1.      Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less

stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted).  A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated*

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see*

*also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply

additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*,

927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the

plaintiff in the absence of any discussion of those issues").

### 2.      *Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss

a complaint "for lack of jurisdiction over the person."  Fed. R. Civ. P. 12(b)(2).  Plaintiff bears

the burden of establishing personal jurisdiction over Defendants.  *OMI Holdings, Inc. v. Royal*

*Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  In the preliminary stages of litigation, Plaintiff's

burden is light.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists.  *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)).  If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "[P]laintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted).  Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true.  *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine '(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  Because 42 U.S.C. § 1983 itself does not authorize service of process, service must be made in accordance with the law of the state where the district court sits.  *See* Fed. R. Civ. P. 4(k)(1) and 4(e)(1).

4

In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with due process. *See Classic Auto Sales, Inc. v. Schocket*, 832 P.2d 233, 235 (Colo. 1992). Colorado's long arm statute "extends the jurisdiction of Colorado courts to the fullest extent permitted by the due process clauses of the United States and Colorado Constitutions." *Id.* Where a "state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (noting that, because Colorado's long-arm statute confers the maximum jurisdiction permissible, the statutory inquiry effectively collapses into the constitutional analysis).

To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The purpose of the minimum contacts requirement is to protect "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations and citation omitted). Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum." *Peay*, 205 F.3d at 1211.

Contacts "may give rise to personal jurisdiction over a non-resident defendant either generally, for any lawsuit, or specifically, solely for lawsuits arising out of particular forum-related activities." *Shrader*, 633 F.3d at 1239. As the Tenth Circuit has explained,

5

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a *quid pro quo*: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

*Dudnikov*, 514 F.3d at 1078 (citation omitted).

**3.**     ***Improper Venue***

28 U.S.C. § 1391 is the general venue statute of the federal courts.[1]  It provides that, for a case based only upon diversity jurisdiction, venue is proper,

> except as otherwise provided by law, . . . only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  For a case where "jurisdiction is not founded solely upon diversity of citizenship," venue is proper,

> except as otherwise provided by law, . . . only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[1] Special venue statutes, which establish venue for particular kinds of actions, do not apply here. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1054 (10th Cir. 2006).

6

28 U.S.C. § 1391(b).  Plaintiff has the burden of establishing that venue in this district is proper.

*Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998).

## ANALYSIS

### 1.   *Lack of Personal Jurisdiction*

Defendants argue that Plaintiff's Complaint alleges neither general nor specific

jurisdiction over the defendants in this case and that it is clear from the face of Plaintiff's

Complaint that there are insufficient contacts between any of the defendants or the claims and

the State of Colorado.  (Mem. at 2.)  In response, Plaintiff argues that he was a resident of

Colorado when he was arrested by Jewell County deputies and if Defendants would provide

discovery, Plaintiff would provide residency information.  (Resp. at 1.)  He also argues that

Defendant Sebelius lives in Washington, D.C. so she is not under the jurisdiction of the Kansas

District Court.  (*Id.* at 2.)

Plaintiff has utterly failed to meet his burden of establishing personal jurisdiction over

any of the defendants.  According to the Complaint, all of the defendants are citizens of Kansas,

Oklahoma or Washington, D.C. and all of the acts complained of occurred in Kansas or

Oklahoma.  (Compl. at 2-5.)  Whether Defendant Sebelius is subject to jurisdiction in Kansas is

irrelevant to this Court's ability to exercise personal jurisdiction over her.  The only connection

this case has to the State of Colorado is that Plaintiff now resides here, and allegedly resided here

at the time the events that give rise to this case occurred.  Plaintiff's residency and contacts with

Colorado, whether at the time of his arrest or now, have no bearing on the Court's ability to

exercise personal jurisdiction over Defendants.  It is clear from the face of Plaintiff's complaint that the Court lacks personal jurisdiction over Defendants.

**2.      *Improper Venue***

Defendants also argue that venue is improper in Colorado.  Again, none of the defendants reside or can be found in Colorado and none of the events underlying Plaintiff's claims occurred in Colorado.  Plaintiff has not responded to Defendants' argument regarding improper venue or otherwise attempted to establish that venue is proper.  The court finds that venue is improper in Colorado.

**3.      *Transfer to Another District***

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. § § 1406(a)[2] and 1631[3], when it is in the interests of justice." *Trujillo*, 465 F.3d at 1222.  The Tenth Circuit has interpreted these statutes as giving a district court discretion to transfer the action or dismiss the action without prejudice.  *Id.*  In deciding whether transfer is in the interest of justice, district courts are to consider whether 1) a

---

[2] 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

[3] 28 U.S.C. § 1631 provides in relevant part:

"Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .

8

new action would be time barred; 2) the claims are likely to have merit; and 3) the original action was filed in good faith rather than after the "plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n.16 (citation omitted).  The circuit has also recognized that multiple defendants residing in multiple states "so there [is] no single court to which the action could be transferred with any assurance that jurisdiction would [be] proper" poses a patent impediment to transfer. *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011).  The court noted an absence of authority "permitting, much less requiring, a district court to unilaterally split up an action and transfer the resultant components to diverse jurisdictions under the auspices of § 1631." *Id.* at 1249-50.

Defendants argue, and the court agrees, that this case presents a patent impediment to transfer.  The defendants allegedly reside in Kansas, Oklahoma and Washington, D.C. and Plaintiff's claims arise out of events that allegedly occurred in Kansas and Oklahoma.  There is no assurance that a single court in any of these jurisdictions would have jurisdiction over the entire action and no authority for splitting this action between jurisdictions.  Accordingly, transfer is inappropriate and the proper procedure is to dismiss the case without prejudice.

### 4.    *Defendants Request for Fees and Costs*

Defendants seek an award of attorney's fees and costs "incurred in responding to this clearly frivolous and improper case." (Mem. at 8.)  In their motion, Defendants argue that the case "clearly was not filed in good faith in Colorado" as "[t]here has never been even the slightest hint of any basis for either jurisdiction or venue in Colorado." (*Id.* at 7.)  Defendants claim that Plaintiff clearly should have known this was the proper forum and very well may have

known as, they contend, "this is not his first venture into self represented [sic] court actions."

(*Id.*)  Defendants state that Plaintiff has previously pursued related cases in both Kansas and

Oklahoma, which were dismissed for lack of merit, and suggest that "[t]he only reason for filing

this case in Colorado is an attempt to once again sue the defendants in a new and distant—and

clearly improper and inconvenient—forum and to continue a pattern of harassment."  (*Id.*)  In

their reply, Defendants note that Plaintiff has not attempted to provide any good faith basis for

thinking that jurisdiction and venue could be proper in Colorado and does not deny or respond to

Defendants arguments that filing this case in Colorado is an act of harassment.  (Reply at 6.)

Defendants have provided no legal basis for their request for costs and fees.  In the

absence of legal argument regarding the authority for such an award, the court will not

recommend an award of costs or fees.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendants' "Joint Motion to Dismiss" (Doc. No. 13) be

GRANTED IN PART and DENIED IN PART.  The court recommends that this matter be

dismissed without prejudice for lack of personal jurisdiction, but recommends that Defendants'

request for attorney's fees and costs be denied.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general

objection that does not put the district court on notice of the basis for the objection will not

preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

11

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 3rd day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge