IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00596–DME–KMT

JOHN R. MURRAY,

    Plaintiff,

v.

JEWELL COUNTY, KANSAS,
KATHLEEN SEBELIUS,
DARRELL MILLER,
DAVID L. FULLERTON,
CLEVELAND COUNTY, OKLAHOMA,
GREG MASHBURN,
JOE LESTER,
DEMEA GUIDICE,

    Defendants.

**ORDER**

This matter is before the court on Defendants' "Renewed Joint Motion for Protective Order to Stay Proceedings and Discovery" and Memorandum in Support (Doc. Nos. 29 and 30, filed 5/4/2011), Plaintiff's Response (Doc. No. 32, filed 5/5/2011) and Defendants' Reply (Doc. No. 38, filed 5/11/2011).  The motion is ripe for ruling.

In this § 1983 action, Plaintiff asserts claims against Defendants, who purportedly are citizens of Kansas, Oklahoma and Washington, D.C., for wrongful arrest, prosecution and imprisonment arising out of events that occurred in Kansas and Oklahoma.  On April 5, 2011,

Defendants filed a motion to dismiss for lack of personal jurisdiction and improper venue (Doc. No. 13) and on May 4, 2001 Defendants filed the present motion seeking to stay proceedings and discovery pending a ruling on their motion to dismiss. This court has recommended that the action be dismissed without prejudice for lack of personal jurisdiction (Doc. No. 39).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see*

*also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

As to the first factor, Defendants argue that Plaintiff's interest in proceeding expeditiously is colored by his decision to file suit in a clearly improper forum and that Plaintiff could avoid the delay occasioned by the motion to dismiss by voluntarily dismissing this case and re-filing in a more appropriate forum. (Doc. No. 30 at 2.) As to the second factor Defendants claim that they have no other way in which to protect themselves from the burden of litigating this matter other than to move to dismiss and seek a stay. (*Id.*) Third, Defendants contend that it would be a waste of judicial resources to hold a scheduling conference and preside over discovery as the case inevitably will be dismissed. (*Id.*) Finally, Defendants argue that non-parties will not be effected by either the grant or denial of a stay but the public interest

in three different states weighs in favor of a stay because, while a Colorado court should not divert its time and attention to improper matters, the discovery and litigation of claims against Kansas and Oklahoma officials should occur in Kansas and Oklahoma courts, respectively.

Plaintiff's response does not refute Defendants arguments or otherwise address the appropriate factors.

Balancing these factors, and given the court's recent recommendation that this matter be dismissed, the court finds that a stay of discovery and other deadlines is appropriate in this case.

Therefore, it is

**ORDERED** that Defendants' "Renewed Joint Motion for Protective Order to Stay Proceedings and Discovery" (Doc. No. 29) is **GRANTED**. All discovery in this matter is **STAYED**. It is further

**ORDERED** that the scheduling conference set for June 30, 2011 and all attendant deadlines are **VACATED**. Defendants shall file a status report no later than ten days after the District Court's ruling on their motion to dismiss to advise whether the scheduling conference should be reset.

Dated this 3rd day of June, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge