**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00596-DME-KMT

JOHN R. MURRAY,

Plaintiff,

v.

JEWELL COUNTY, KANSAS;
KATHLEEN SEBELIUS;
DARRELL MILLER;
DAVID L. FULLERTON;
CLEVELAND COUNTY, OKLAHOMA;
GREG MASHBURN;
JOE LESTER; and
DEMEA GUIDICE,

Defendants.

_____

**ORDER ADOPTING IN PART RECOMMENDATION
OF MAGISTRATE JUDGE**

_____

This matter comes before the Court on Magistrate Judge Tafoya's

recommendation [Doc. 39] that this Court grant in part and deny in part a motion to

dismiss joined by seven of the eight named defendants [Doc. 13].  Magistrate Judge

Tafoya recommends that Plaintiff John R. Murray's civil-rights complaint be dismissed

without prejudice for lack of personal jurisdiction and improper venue, but that

Defendants'[1] request for attorney's fees and costs be denied.  Murray has filed timely

objections to the recommendation [Doc. 41], and Defendants have filed responses to the

objections [Docs. 42, 44].  Because Murray is proceeding pro se, the Court construes his

pleadings and other papers liberally.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972)

(per curiam).  For the reasons explained below, the Court adopts the recommended

disposition in part and orders as follows: (1) the joint motion to dismiss is granted; (2) the

claims against all defendants except Demea Guidice are dismissed without prejudice for

lack of personal jurisdiction and improper venue; (3) Defendants' request for attorney's

fees and costs is denied; and (4) Plaintiff either must serve Demea Guidice by July 7,

2011, or, if he is unable to do so, show the Court good cause the failure service no later

than July 15, 2011; otherwise, Plaintiff's claims against Guidice will be dismissed

without prejudice.

## I.  BACKGROUND

**A.  Factual Background**

The following description of events is taken from Murray's complaint:

In April 2007, when Murray was residing in Cleveland County, Oklahoma, Demea

Guidice, Murray's neighbor, falsely told Cleveland County police officers that Murray

attempted to run over her in a car.  Subsequently, Greg Mashburn, the Cleveland County

---

[1] Unless otherwise specified, the Court uses the terms "Defendants" and "the defendants" throughout this order to refer to the seven defendants who joined the motion to dismiss—i.e., all defendants except Demea Guidice.

district attorney, brought false charges against Murray for stalking, assault, and harassment.

Sometime between September 2007 and January 2009, Murray relocated to Jewell County, Kansas.  In January 2009, the Jewell County sheriff's office arrested Murray on a failure-to-appear warrant issued in Cleveland County, Oklahoma.  Around that time, Darrell Miller, the Jewell County district attorney "petitioned the Jewell County District Court to obtain a Fugitive from Justice action." [Doc. 1, at 10.]  Thereafter, Murray was held in Jewell County jail for more than sixty days.  During Murray's incarceration, David Fullerton, the Jewell County sheriff, refused to provide Murray with necessary medical and dental care.

On March 9, 2009, Murray was extradited to Oklahoma pursuant to a warrant signed by Kathleen Sebelius, the former governor of Kansas and current secretary of Health and Human Services.  Murray was then held in Cleveland County jail, where Joe Lester, the Cleveland County sheriff, refused to pay for his medical expenses after he was beaten in the head with a pipe by another inmate.

## B.  Procedural Background

On March 9, 2011, Murray filed a complaint under 42 U.S.C. § 1983 for wrongful arrest, prosecution, and imprisonment.  Defendants Jewell County, Sebelius, Miller, Fullerton, Cleveland County, Mashburn, and Lester moved to dismiss Murray's complaint for lack of personal jurisdiction and improper venue on April 5, 2011.  In their supporting memorandum [Doc. 14], the defendants argued that they had no contacts with

Colorado and that none of the events giving rise to the cause of action occurred in Colorado. They further contended that transfer to another venue would be inappropriate because this case features multiple defendants residing in multiple states. In a concluding line at the end of their memorandum, the defendants asserted that they "should be awarded their attorney's fees and costs incurred in responding to this clearly frivolous and improper case." [Id. at 8.] Defendant Guidice has never been served with process and did not join the other defendants' motion.

Magistrate Judge Tafoya issued her recommendation on Defendants' motion on June 3, 2011. She recommends dismissing Murray's complaint without prejudice for the reasons set forth in Defendants' motion. She also recommends denying the defendants' request for attorney's fees and costs on the grounds that the defendants failed to provide any legal basis for the request.

On June 9, 2011, Murray filed objections to Magistrate Judge Tafoya's recommendation. Murray does not contest the magistrate judge's determination that jurisdiction and venue are improper in this Court; however, he disputes the conclusion that the case should be dismissed rather than transferred to a different venue. According to Murray, a transfer would be in the interests of justice because he "mistakenly believed the Colorado U.S. District Court . . . could try this matter" and because the defendants maliciously caused him "irreparable harm" and "clouded exactly where jurisdiction may lie." [Doc. 41, at 2.] Murray also objects to the magistrate judge's recommendation of dismissal as to Demea Guidice. Murray claims that it would unjust and unlawful for the

Court to dismiss his claims against a defendant who has not been served with process and who did not join the motion to dismiss.

Although Defendants did not file a formal objection to Magistrate Judge Tafoya's recommendation, they argue in their responses to Murray's objections that the Court should permit them to file a motion for attorney's fees after the Court enters judgment in their favor. [Doc. 42, at 2; Doc. 44, at 2 ("The only modification which is suggested to be made to the Magistrate's recommendations is that it should be the denial of defendants' claim for attorney' [sic] fees. Defendants should be allowed to submit their motion upon the final ruling of this court with submission of authority and justifications.").] The Court will treat this argument as an objection to the magistrate judge's recommendation that the Court deny the defendants' request for attorney's fees and costs.

## II. STANDARD OF REVIEW

This Court must review de novo the portions of the magistrate judge's recommendation to which the parties have objected. Fed. R. Civ. P. 72(b)(3). The Court may review the parts of the recommendation that were not objected to "under any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) **(DME opinion)**. Here, the Court has reviewed the unchallenged portions of Magistrate Judge Tafoya's recommendation for "clear error on the face of the record." Strepka v. Sailors, 494 F. Supp. 2d 1209, 1215 (D. Colo. 2007).

### III.  DISCUSSION

Having carefully reviewed the record and the recommended disposition, the Court

finds no clear error in Magistrate Judge Tafoya's conclusions that this Court lacks

personal jurisdiction over the defendants who joined the motion to dismiss and that venue

does lie not in the District of Colorado.  Accordingly, the Court adopts those conclusions

and proceeds to consider the parties' objections.

### A.  Dismissal Without Prejudice vs. Transfer of Venue

Murray argues that the Court should transfer this action to another federal court

rather dismiss his claims without prejudice.  The Court disagrees.

The Tenth Circuit has recognized that a district court "may sua sponte cure

jurisdictional and venue defects by transferring a suit under the federal transfer statutes,

28 U.S.C. § 1406(a) and 1631, when it is in the interests of justice."[2]  Trujillo v.

---

[2] Section 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong
> division or district shall dismiss, or if it be in the interest of justice, transfer such
> case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Section 1631 reads, in relevant part,

> Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or
> filed with such a court and that court finds that there is a want of jurisdiction, the
> court shall, if it is in the interest of justice, transfer such action or appeal to any
> other such court in which the action or appeal could have been brought at the time
> it was filed or noticed, and the action or appeal shall proceed as if it had been filed

Williams, 465 F.3d 1210, 1222 (10th Cir. 2006).  Whether to transfer an action or instead

to dismiss the action without prejudice is a decision committed to the discretion of the

district court.  Id. at 1222-23.  Where, however, a suit features multiple defendants

residing in different states, "so there [is] no single court to which the action could be

transferred with any assurance that jurisdiction would have been proper," there exists a

"patent impediment" to transfer.  Shrader v. Biddinger, 633 F.3d 1235, 1249 (10th Cir.

2011).  Under those circumstances, the district court should dismiss the case rather than

"unilaterally split up [the] action and transfer the resultant components to diverse

jurisdictions."  Id. at 1249–50.

In the present case, the defendants reside in Kansas, Oklahoma, and Washington,

D.C.  [Doc. 1, at 2–5.]  Consequently, the Court cannot be assured that any federal

district court would have jurisdiction over this action, and this case thus features a "patent

impediment" to transfer.  Therefore, the Court agrees with Magistrate Judge Tafoya's

conclusion that dismissal without prejudice represents the appropriate course of action.

## B.  Dismissal of Claims Against Demea Guidice

Murray also contends that his claims against Demea Guidice should not be

dismissed since Guidice has not been served with process and did not join the motion to

---

in or noticed for the court to which it is transferred on the date upon which it was
actually filed in or noticed for the court from which it is transferred.

Id. § 1631.

dismiss.  It appears that the magistrate judge recommended dismissal of the entire action

because defense counsel purported to file the joint motion to dismiss on behalf of all of

the defendants, including Guidice.  [See Docs. 13, 14; see also Doc. 42 at 1 n.1.]  After

Magistrate Judge Tafoya issued her recommendation and Murray filed objections,

however, defense counsel acknowledged that he does not represent Guidice and that

Guidice has not been served.  [Doc. 42, at 1 n.1].  Guidice, therefore, technically is not a

party to this lawsuit.  See Bristol v. Fibreboard Corp., 789 F.2d 846, 847 (10th Cir. 1986)

(per curiam) (stating that "unserved defendants were never made parties to this lawsuit").

If Guidice is ever made a party through proper service of process, she might waive

personal jurisdiction and venue.  Accordingly, the Court agrees with Murray that

dismissal of the claims against Guidice would be improper at this juncture.

The Court notes, however, that the Federal Rules of Civil Procedure provide

Murray with 120 days from the date he filed his complaint to serve Guidice.  Fed. R. Civ.

P. 4(m).  Because Murray filed his complaint on March 9, 2011, the deadline for service

on Guidice is July 7, 2011.  That date is rapidly approaching.  Therefore, the Court orders

Murray either to serve Guidice by July 7, 2011, or, if Murray cannot effect service by that

day, to show the Court good cause for the failure by July 15, 2011.  If Murray fails to

timely serve Guidice and cannot demonstrate good cause for the failure, the Court will,

without further notice, dismiss Murray's claims against Guidice without prejudice.  See

id.; Sanders v. Sw. Bell Tele., L.P., 544 F.3d 1101, 1110–11 (10th Cir. 2008).

8

**C. Denial of Defendants' Request for Attorney's Fees and Costs**

Defendants object to Magistrate Judge Tafoya's recommendation that their request

for attorney's fees and costs be denied.  The magistrate judge recommended denial of the

request because Defendants failed to provide any legal basis for the recovery of

attorney's fees and costs.  The Court agrees with the magistrate judge's conclusion that

Defendants are not entitled to attorney's fees and costs, though it reaches that result for a

different reason.

A defendant in a civil-rights case may recover attorney's fees if he can show both

that he is a "prevailing party" under 42 U.S.C. § 1988 and that the plaintiff's "suit was

vexatious, frivolous, or brought to harass or embarrass the defendant."  Mitchell v. City

of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000) (internal quotation marks omitted).

Furthermore, pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal

statute, these rules, or a court order provides otherwise, costs---other than attorney's fees-

--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1) (emphasis added).

Accordingly, to recover either attorney's fees or costs, Defendants must show that they

are "prevailing parties."[3]

The Court holds that Defendants cannot make such a showing. The Tenth Circuit

has stated that "a party is a prevailing party . . . only if he has obtained a judgment on the

---

[3] Courts have recognized that the term "prevailing party" means the same thing regardless of whether attorney's fees or costs are at issue. See Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101–02 (2d Cir. 2006) (collecting cases); see also Farrar v. Hobby, 506 U.S. 103, 119–20 (1992) (O'Connor, J., concurring).

merits, a consent decree, or some other settlement materially altering the legal

relationship of the parties." Bell v. Bd. of Cnty. Comm'rs, 451 F.3d 1097, 1102 (10th

Cir. 2006) (emphasis added).  Defendants have not obtained any of these three things.

This case does not involve a consent decree or other settlement, and although Defendants

have obtained a judgment in their favor, a judgment that dismisses claims for lack of

personal jurisdiction and improper venue is not a judgment on the merits.  As a result,

Defendants are not "prevailing parties" and may not recover attorney's fees and costs.

## IV.  CONCLUSION

For the foregoing reasons, the Court adopts in part the recommendation of the

magistrate judge [Doc. 39] and ORDERS as follows:

The motion to dismiss joined by Defendants Jewell County, Sebelius, Miller,

Fullerton, Cleveland County, Mashburn, and Lester [Doc. 13] is GRANTED;

The claims against Defendants Jewell County, Sebelius, Miller, Fullerton,

Cleveland County, Mashburn, and Lester are DISMISSED WITHOUT PREJUDICE for

lack of personal jurisdiction and improper venue;

Defendants' request for attorney's fees and costs is DENIED;

Plaintiff Murray shall serve process on Defendant Guidice no later than July 7,

2011.  If Plaintiff cannot effect service by that date, he shall show the Court good cause

for the failure no later than July 15, 2011.  If Plaintiff fails to timely serve Guidice and to

demonstrate good cause for the failure, the Court shall, without further notice, dismiss

Plaintiff's claims against Guidice without prejudice.

Dated this ___30th___ day of _____June___, 2011.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE