**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00596-DME-KMT


JOHN R. MURRAY,

　　　　　Plaintiff,

v.

JEWELL COUNTY, KANSAS; KATHLEEN SEBELIUS; DARRELL MILLER; DAVID L.
FULLERTON; CLEVELAND COUNTY, OKLAHOMA; GREG MASHBURN; JOE
LESTER; and DEMEA GUIDICE,

　　　　　Defendants.

---

**ORDER DENYING RECONSIDERATION, DISMISSING UNSERVED DEFENDANT,
DENYING CONTEMPT AND DISMISSING ACTION WITHOUT PREJUDICE**

---

This matter comes before the Court on a variety of motions. For the following

reasons, the Court DENIES all pending motions, DISMISSES Defendant Guidice

without prejudice, and DISMISSES the entire action.

**I. Background**

In his complaint, Plaintiff John Murray alleged the following: In 2007, Murray

became embroiled in a dispute with his neighbors in Cleveland County, Oklahoma. In

April 2007, his neighbors and Cleveland County law enforcement officials conspired to

charge Murray falsely with trying to run over one of his neighbors, Defendant Demea

Guidice. In September 2007, Cleveland County officials also falsely charged Murray

with "misdemeanor Stalking/Assault/Harassment." (Doc. 1 at ¶ SA9.) Murray had, by

this time, physically moved from Oklahoma, but continued to appear at hearings on

these pending state charges, except that he did not attend one hearing at the direction

of his defense attorney.  As a result of missing that hearing, Cleveland County officials

issued a warrant for Murray's arrest and petitioned Kansas authorities to arrest Murray

and extradite him back to Oklahoma.  Kansas officials obliged, but first held Murray for

several months in a constitutionally inadequate jail before delivering him to Oklahoma

authorities.  In Oklahoma, Murray was again held in a constitutionally inadequate jail

facility.

Based on these factual allegations, Murray sued the following Defendants,

asserting 42 U.S.C. § 1983 claims for improper arrest, prosecution and imprisonment:

Jewell County, Kansas; former Kansas governor Kathleen Sebelius; Jewell County

District Attorney Darrell Miller; Jewell County Sheriff David L. Fullerton; Cleveland

County, Oklahoma; Cleveland County District Attorney Greg Mashburn; Joe Lester, the

Cleveland County official who operated the Cleveland County jail; and Demea Guidice,

who Murray alleged gave false sworn statements in support of the Oklahoma criminal

charges filed against him.

Because Murray is proceeding pro se, the Court liberally construes his pleadings.

See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

## II.  Murray's "Objection" to the dismissal of seven of the eight named Defendants (Doc. 49)

Previously, this Court dismissed all Defendants except Guidice without prejudice,

after concluding Murray had failed to establish either that this Court has personal

jurisdiction over these seven Defendants or that venue is proper in the District of

Colorado.  In reaching this conclusion, the Court also declined to exercise its discretion

2

and transfer this case to another district court.  Murray filed "Objections" to that order (Doc. 49), which this Court construed to be a motion seeking reconsideration (Doc. 51).

Murray seeks reconsideration based upon confusion as to which Defendants actually moved to be dismissed.  That confusion was caused when Attorney Allen Glendenning filed a "joint motion" seeking dismissal of Murray's claims against "all defendants."  (Doc. 14 at 8.)  Thereafter, Attorney David Batton entered his appearance for Cleveland County, Oklahoma, and its two officials named as defendants here, District Attorney Mashburn and Jailor Lester.  Later, Attorney Glendenning acknowledged that he did not represent Defendant Guidice and that she had never been served.  It is for that reason that the Court did not dismiss Defendant Guidice along with the other named Defendants.

In his motion seeking reconsideration, Murray asserts that, in addition to not representing Defendant Guidice, Attorney Glendenning also did not represent the Oklahoma Defendants - Cleveland County, Mashburn, and Lester – or Defendant Sebelius at the time Glendenning filed the motion to dismiss.  There is a rebuttable presumption, however, that an attorney has authority to represent the person for whom he appears.  See F.D.I.C. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992). "[T]he party seeking to rebut th[at] presumption[, in this case Murray,] has the burden of proving that the attorney acted without authorization, [although] the burden . . . is not severe."  Id. (citation omitted).  Murray, however, has failed to assert any facts supporting his speculation that Attorney Glendenning did not represent the Oklahoma

3

Defendants or Defendant Sebelius at the time Glendenning filed the motion to dismiss.

Therefore, Murray's motion for reconsideration (Doc. 49) is DENIED.

### III.  Murray's motion for contempt (Doc. 55)

In a related matter, Murray has filed a motion for contempt against Attorney

Glendenning.  (Doc. 55.)  Although this Court previously referred this motion to the

magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A) (Doc. 57), the Court now

withdraws that reference in order to dispose of all pending matters in this one Order.

See Barney v. Hartmann, No. 06-cv-01216-MSK-PAC, 2007 WL 646321, at *1 (D. Colo.

Feb. 28, 2007) (unreported).

In his contempt motion, Murray again challenges Attorney Glendenning's

authority to file the motion to dismiss on behalf of the Oklahoma Defendants and

Defendant Sebelius.  Murray also complains that Attorney Glendenning falsely filed the

motion to dismiss, as well as a later motion to stay discovery, on behalf of all

Defendants when he in fact did not represent Defendant Guidice.

"To be held in contempt, a court must find the party violated a specific and

definite court order and the party had notice of the order."  Lucre Mgmt. Grp., LLC v.

Schempp Real Estate, LLC (In re Lucre Mgmt. Grp., LLC), 365 F.3d 874, 875 (10th Cir.

2004) (quotation omitted).  The party moving for contempt, here Murray, bears "the

initial burden of proving, by clear and convincing evidence, that a valid court order

existed, that [Glendenning] had knowledge of the order, and that [Glendenning]

disobeyed the order."  ClearOne Commc'ns, Inc. v. Bowers, --- F.3d ---, 2011 WL

2654655, at *8 (10th Cir. July 8, 2011).  Murray failed to make that showing here.

Liberally construing his motion, Murray also asserts that Attorney Glendenning violated Fed. R. Civ. P. 11. Rule 11(c)(2) provides that a "motion for sanctions . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service" of the motion for sanctions. "This 21-day window gives the offending party a 'safe harbor' within which to withdraw or correct the offending pleading." Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co., --- F.3d ---, 2011 WL 3211500, at *11 (7th Cir. July 28, 2011) (to be reported at 649 F.3d 539). Here, Attorney Glendenning corrected any misstatement he might have made indicating he represented Defendant Guidice before Murray filed any pleading that could be construed as a motion for Rule 11 sanctions.

For these reasons, Murray's motion to hold Attorney Glendenning in contempt and/or for sanctions (Doc. 55) is DENIED.

### IV. Murray's attempt to serve Defendant Guidice

In the previous order entered in this case dismissing without prejudice seven of the eight Defendants for lack of personal jurisdiction and improper venue, the Court declined to dismiss Defendant Guidice because, as previously stated, there was no indication in the record that she had ever been served. In fact, Murray asserted, in defense of the motion to dismiss, that Guidice "did not accept service." (Doc. 41 at 1.) Noting that the time to serve Guidice under Fed. R. Civ. P. 4(m) was growing short, the Court ordered Murray to serve Guidice no later than July 7, 2011, or to show cause, by July 15, 2011, for the failure to serve Guidice. The Court further provided, that, "[i]f [Murray] fails to timely serve Guidice and to demonstrate good cause for the failure, the

Court shall, without further notice, dismiss [Murray's] claims against Guidice without prejudice."[1]  (Doc. 45 at 10.)

This time, Murray responded that he had served Guidice by certified mail in March or April 2011.  As the plaintiff, Murray bears the burden of establishing the validity of that service.  See Oaklawn Apartments, 959 F.2d at 174.

Rule 4(e)(1), Fed. R. Civ. P., provides in pertinent part that, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . .following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made."  Murray sought to serve Guidice in Oklahoma, which permits service by certified mail.  See Okla. Stat. tit. 12, § 2004(C)(2).  Specifically, Oklahoma law provides that,

> [a]t the election of the plaintiff, a summons and petition may be served by mail by the plaintiff's attorney, any person authorized to serve process pursuant to subparagraph a of paragraph 1 of this subsection ["a sheriff or deputy sheriff, a person licensed to make service of process in civil cases, or a person specially appointed for that purpose"], or by the court clerk upon a defendant of any class referred to in division (1), (3), or (5) of subparagraph 1 of this subsection [an individual, a domestic or foreign corporation, partnership or unincorporated association, or a state, county, school district, public trust or municipal corporation or other governmental organization thereof subject to suit].

Id. § 2004(C)(2)(a).

---

[1] Rule 4(m) provides, in relevant part, the following:

> **Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court---on motion or on its own after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Assuming, without deciding, that Murray, a plaintiff proceeding pro se, can also serve a party under Oklahoma law via mail, "[s]ervice by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee," id. § 2004(C)(2)(b).  Although Murray supplied to the Court a receipt indicating that in March 2011 he sent a package to Demea Guidice, using certified mail, return receipt requested, that receipt indicates that Murray did not pay for "restricted delivery."  (Doc. 46 at 1-2; see also Doc. 59. ex. 3.)

Even overlooking Murray's failure to restrict delivery to Guidice, Okla. Stat. tit. 12, § 2004(C)(2)(c) further provides that "[s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant."[2]  Although Murray asserts that Guidice refused to accept his certified mail, Murray has not submitted to the Court "a returned envelope showing [Guidice's] refusal of the process."  Instead, he submitted documents to the Court indicating that notice of the certified package was left on March 11, 2011, and the package was returned to sender on April 14, 2011.

Murray addressed the validity of his service on Guidice in a second pleading, filed with this Court on July 11, 2011, stating that he mailed "all pertinent documents" via certified mail to Guidice on March 9, 2011.  (Doc. 48 at 1.)  Before doing so, Murray

---

[2] Although Okla. Stat. tit. 12, § 2004(C)(2) expressly addresses default judgments, the Tenth Circuit has noted that this statutory provision "also defines . . . acceptance or refusal of service," Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 797 n.5 (10th Cir. 2008).

7

verified "with the postal carrier and other parties" that Guidice still lived at the address

where Murray was sending the documents; she did.  (Id.)  According to Murray, he

> did not receive the return slip and requested the item be returned by the Norman, Oklahoma Post Office.    Plaintiff has an e-trail of correspondences with the post office regarding said request, and associated tracking. . . .  Some time passed and the item did not return. Plaintiff did in late June, once again inquire, in person, about the item with the post office (South Broadway Station and Terri Armstrong, Consumer Affairs, Denver Postmasters Office).
>
> After much effort and research, it is the opinion of Ms. Armstrong the item was sent to the damaged mail center upon the request of its return due to damage to the item (most likely, in violation of postal policy, Ms. Guidice was allowed to look at the underside of the return receipt slip which revealed who the item was from, resulting in its refusal by Defendant and its damage which resulted i[n] the item being sent to the damaged mail center in Georgia.  It HAS RECENTLY BEEN RE-ROUTED TO Denver, Colorado.
>
> Plaintiff asserts service has been executed, the return of Service has been in a timely manner, and Defendant simply continues to refuse [to] acknowledge this action.
>
> Plaintiff intends to provide the original document to the Court when the Post Office received said item.

(Id.)[3]

Over two months have passed and Murray still has not provided the Court with

any further evidence or information about the whereabouts of the missing return receipt.

Nor has he offered any further evidence that Guidice refused service as would suffice

under Oklahoma law to effect service via mail.  Thus, although Fed. R. Civ. P. 4(*l*)(3)

---

[3] Murray made these assertions in a pleading entitled "Plaintiff's Show of Good Cause Regarding Defendant Demea Guidice."  (Doc. 48.)  In that pleading, even liberally construed, Murray did not assert good cause for failing to serve Guidice, nor did he request additional time to serve Guidice.  Instead, Murray attempted to show good cause why he could not yet prove that he had served Guidice prior to July 7, 2011.

permits a plaintiff to amend his proof of service, Murray has not attempted to do so here.[4]  He has thus failed to establish that he properly served Defendant Guidice. Therefore, Murray's claims against Defendant Guidice are dismissed without prejudice. See Constien v. United States, 628 F.3d 1207, 1217 (10th Cir. 2010), cert. denied, 131 S. Ct. 2884 (2011).

## V.  Pending motions

Having declined to reconsider dismissing the seven Kansas and Oklahoma Defendants without prejudice, and now dismissing Defendant Guidice without prejudice, the Court will also dismiss Murray's entire action without prejudice.  See Moya v. Schollenbarger, 465 F.3d 444, 448-49 (10th Cir. 2006) (distinguishing between dismissal of complaint without prejudice and dismissal of action without prejudice, the latter being a final appealable order).  In light of that, the Court withdraws reference of the following motions to the magistrate judge (Docs. 60, 69, 75) and instead DENIES them as moot, see Barney, 2007 WL 646321, at *1: Murray's motions to compel (Doc. 59) and to join a party (Tracy Schumacher) (Doc. 73), and the motion, made by all Defendants except Guidice to strike some of Murray's pleadings and for a protective order (Doc. 68).  Additionally, the Court DENIES as moot Murray's motion to join another party (the State of Kansas and its offices of governor and attorney general) (Doc. 79).

---

[4] Rule 4(*l*)(3) provides that "[f]ailure to prove service does not affect the validity of service.  The court may permit proof of service to be amended."

## VI.  Conclusion

For the foregoing reasons, therefore, the Court DENIES Murray's motion to reconsider the Court's prior order dismissing seven of the eight Defendants without prejudice for lack of personal jurisdiction and improper venue.  (Doc. 49 (entitled "Objections").)

The Court also recalls the previous referral to the magistrate judge (Doc. 57) and DENIES Murray's motion to hold Attorney Glendenning in contempt and/or for Fed. R. Civ. P. 11 sanctions (Doc. 55).

The Court DISMISSES without prejudice Defendant Guidice because Murray failed to prove, in response to this Court's June 30, 2011 order (Doc. 45), either that he properly served Guidice within the time permitted under Fed. R. Civ. P. 4(m), or that he had good cause for this failure.

The Court further withdraws its reference to the magistrate judge (Docs. 60, 69, 75) and DISMISSES as moot Murray's motions to compel and to join parties (Docs. 59, 73, 79), as well as the motion to strike and for a protective order made by all Defendants except Defendant Guidice (Doc. 68).

Finally, the Court DISMISSES the entire action without prejudice.

Dated this ___28th___ day of _____September___, 2011.

BY THE COURT:

_s/ David M. Ebel_

_____

U. S. CIRCUIT COURT JUDGE

10